# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
## SOUTHWESTERN DIVISION

| | |
|---|---|
| David G. Jackson and Linda R. Bittner | )
| On Behalf of Themselves and | ) Case No. 12-cv-5110
| All Others Similarly Situated, | )
| Plaintiffs; | )
| vs. | )
| Old EPT, LLC, f/k/a | ) **Jury Demanded**
| EaglePicher Technologies, LLC | )
| Registered Agent: | )
| CSC-Lawyers Incorporating Service Co. | )
| 221 Bolivar Street | )
| Jefferson City, Missouri 63105 | )
| Defendant. | )

## COMPLAINT
### Collective and Class Action Claims

**COME NOW** the Plaintiffs, David G. Jackson and Linda R. Bittner, on behalf of themselves and all others similarly situated, by and through counsel, and hereby set forth their collective action under § 216(b) of the Fair Labor Standards Act ("FLSA") for violations of the FLSA, and their class action under Fed. R. Civ. P. 23 for violations of the Missouri Minimum Wage Law, R.S.Mo. §§ 290.500 *et seq.* ("MMWL"), and state as follows:

### PRELIMINARY STATEMENT

1. Plaintiffs bring this action against Defendant Old EPT, LLC, f/k/a EaglePicher Technologies, LLC ("Defendant") for unpaid wages, and related penalties and damages.

2. Defendant's practices and policies have resulted in Defendant willfully failing to properly pay straight time and overtime due and owing to Plaintiffs and all other similarly situated

employees in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* In addition, Plaintiffs bring this action as class representatives of Defendant's hourly production and maintenance plant employees for Defendant's failure to pay straight time and overtime due and owing to Plaintiffs and members of the class in violation of the Missouri Minimum Wage Law, R.S.Mo. §§ 290.500 through 290.530 ("MMWL").

3. Defendant operates a plant in Joplin, Missouri. Defendant manufactures batteries and energetic devices at its Joplin facility.

4. Defendant employs over 400 hourly employees at its Joplin facility for the production of batteries and energetic devices.

5. Plaintiffs and other hourly production and maintenance plant employees of Defendant have spent time for Defendant's benefit on various tasks, including but not limited to, donning and doffing work clothing/protective gear, wash-up, walking to and from production lines, waiting in line to clock in and out for work, cleaning equipment, and waiting in line to pass through anti-static devices, without being fully compensated for such time. Such policies and practices of Defendant have resulted in Defendant's failure to pay its hourly production and maintenance plant employees for all of their time worked and for overtime wages due.

6. Defendant's policies and practices, as described herein, are similarly applied to all of Defendant's hourly production and maintenance plant employees.

7. Defendant has failed to pay wages and overtime pay to its hourly production and maintenance plant employees by failing to pay them for all of their compensable time in violation of the FLSA and the MMWL. Plaintiffs seek compensation for unpaid straight time and overtime premiums for all hours worked, required, suffered, or permitted by

Defendant; compensation for such wages wrongfully withheld; liquidated and/or other damages as permitted by applicable law; and attorneys' fees, costs, and expenses incurred in this action.

## PARTIES

8. Defendant is a corporation doing business in the State of Missouri with a battery and energetic devices manufacturing facility located in Joplin, Jasper County, Missouri.

9. Plaintiff David G. Jackson resides in Joplin, Jasper County, Missouri.

10. From approximately June 15, 1981 to the present Plaintiff Jackson has been employed as an hourly employee of the Defendant at Defendant's battery and energetic devices manufacturing facility in Joplin, Missouri. Plaintiff Jackson and all others similarly situated, for the purposes of this collective and class action, also have performed work as hourly employees of Defendant at that location.

11. Plaintiff Linda R. Bittner resides in Carl Junction, Jasper County, Missouri.

12. From approximately January 1996 to present, Plaintiff Bittner has been employed as an hourly employee of the Defendant at Defendant's battery and energetic devices manufacturing facility in Joplin, Missouri. Plaintiff Bittner and all others similarly situated, for the purposes of this collective and class action, also have performed work as hourly employees of Defendant at that location.

## JURISDICTION AND VENUE

13. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 for the claims brought under the FLSA, 29 U.S.C. § 201, *et seq.*

14. The United States District Court for the Western District of Missouri has personal jurisdiction because Defendant conducts business in Joplin, Jasper County, Missouri, located within this District.

15. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), inasmuch as the Defendant has offices, conducts business and can be found in the Western District of Missouri, and the causes of action set forth herein have arisen and occurred in substantial part in the Western District of Missouri. Venue is also proper under 29 U.S.C. § 1132(e)(2) because Defendant has substantial business contacts within the Western District of Missouri.

16. The claims for violations of the MMWL are based upon the statutory law of the State of Missouri. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367 for these pendant state claims because they arose out of the same nucleus of operative facts as the FLSA claims. Addressing all such claims in this judicial proceeding will provide judicial economy, fairness and convenience for the parties and will not create unmanageable confusion to a jury. The liability evidence will substantially overlap as to all causes of action, and no single cause of action will improperly predominate.

## COUNT I
## FLSA Claims

17. Plaintiffs hereby incorporate the allegations set forth above.

18. While employed by Defendant, Plaintiff Jackson performed work as an hourly production employee at Defendant's Joplin battery and energetic devices manufacturing facility.

19. While employed by Defendant, Plaintiff Bittner performed work as an hourly production employee at Defendant's Joplin facility.

20. During the Plaintiffs' employment with the Defendant, the Defendant employed numerous other individuals who had similar job duties as hourly production and maintenance employees with a similar compensation structure as the Plaintiffs. Said other hourly production and maintenance employees also worked at Defendant's Joplin, Missouri facility (the putative collective and class action plaintiffs).

21. Plaintiffs bring their FLSA claims as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons who were, are, or will be employed by the Defendant as hourly production and maintenance plant employees at the Joplin facility within three years from the commencement of this action who have not been compensated for all straight time and overtime premiums for all hours for which they suffered or were permitted to work.

22. Plaintiffs bring their FLSA claims as an "opt-in" collective action pursuant to Section 16 of the FLSA, 29 U.S.C. § 216(b), on behalf of themselves and on behalf of all similarly situated putative plaintiffs of the collective action.

23. Plaintiffs and the putative plaintiffs are similarly situated in that they have been subjected to Defendant's common practices or policies of refusing to pay straight time and overtime for all hours worked in violation of the FLSA.

24. The names and addresses of the putative plaintiffs are available from the Defendant. To the extent required by law, Plaintiffs will seek notice to be provided to said individuals via First Class Mail and/or by the use of techniques and a form of notice similar to those customarily used in collective FLSA actions.

25. At all times relevant herein, Defendant has had gross operating revenues in excess of $500,000.00 (Five Hundred Thousand Dollars) annually.

26. The FLSA requires each covered employer to compensate all employees for all hours suffered or permitted to work and to pay overtime premiums at a rate of not less than one and one-half the regular rate of pay for work performed in excess of forty hours in a workweek.

27. At all relevant times, hourly production and maintenance plant employees were typically paid only for the time that their respectively assigned work schedules began and ended, pursuant to Defendant's compensation system. Plaintiffs and other hourly production and maintenance plant employees of Defendant have spent time for Defendant's benefit on various tasks, including but not limited to, donning and doffing work clothing/protective gear, wash-up, walking to and from production lines, waiting in line to clock in for work, cleaning equipment, and waiting in line to pass through anti-static devices, without being fully compensated for such time. Such policies and practices of Defendant have resulted in Defendant's failure to pay its hourly production and maintenance plant employees for all of their time worked and for overtime wages due.

28. Defendant's policies have resulted in a substantial difference between the amount of time for which Defendant's hourly production and maintenance plant employees were compensated and the amount of their compensable time as required by law, resulting in Defendant's failure to pay hourly production and maintenance plant employees for all compensable time, including the failure to pay overtime as required by the FLSA.

29. More generally, the Defendant has failed to compensate Plaintiffs and all other similarly situated employees for all hours worked, and therefore, Defendant has violated, and continues to violate, the FLSA, 29 U.S.C. § 201, *et seq.*

30. The foregoing conduct, as alleged herein, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

31. Plaintiffs, on behalf of themselves and all similarly situated employees of Defendant, seek damages in the amount of all respective unpaid straight time with overtime compensation at a rate of one and one-half times the regular rate of pay for work performed in excess of forty hours in a work week, plus liquidated damages, as provided by the FLSA, 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems just and proper.

32. Plaintiffs, on behalf of themselves and all similarly situated employees of Defendant, seek recovery of all attorney fees, costs, and expenses of this action, to be paid by Defendant, as provided by the FLSA, 29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiffs, on behalf of themselves and all proposed members of the FLSA representative action, pray for relief as follows:

   a. Designation of this action as a collective action on behalf of the proposed members of the FLSA representative action and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual Consents To Sue pursuant to U.S.C. § 216(b);

   b. Designation of Plaintiffs David G. Jackson and Linda R. Bittner as Representative Plaintiffs of the putative members of the FLSA collective action;

  c. An award of damages for straight time and overtime compensation due for the Plaintiffs and the putative members of the collective actions, including liquidated damages, to be paid by Defendant;

  d. Costs and expenses of this action incurred herein, including reasonable attorneys fees and expert fees;

  e. Pre-Judgment and Post-Judgment interest, as provided by law; and

  f. Any and all such other and further legal and equitable relief as this Court deems necessary, just and proper.

### COUNT II
### MMWL Claims

33. Plaintiffs hereby incorporate the allegations set forth above.

34. The Plaintiffs bring their claims for Defendant's violations of the MMWL as a class action pursuant to Fed. Rule Civ. P. 23 on behalf of themselves and as representatives of the following class:

> All current and former hourly production and maintenance plant employees of Defendant who worked at Defendant's Joplin facility in the past two years and who were subject to Defendant's policies and practices requiring them to don and doff work clothing/protective gear at the facility.

35. At all relevant times, Defendant has been an "employer" within the meaning of the MMWL.

36. At all relevant times, Defendant has employed, and continues to employ, "employees," within the meaning of the MMWL, including the Plaintiffs and all others similarly situated.

37. The Plaintiffs, on behalf of themselves and all others similarly situated, bring a claim for Defendant's violation of the MMWL.

8

38. The MMWL, R.S.Mo. § 290.505, requires each covered employer to compensate all employees for all hours suffered or permitted to work and to pay overtime premiums at a rate of not less than one and one-half the regular rate of pay for work performed in excess of forty hours in a workweek.

39. At all relevant times, hourly production and maintenance plant employees were typically paid only for the time that their respectively assigned work schedules began and ended, pursuant to Defendant's compensation system. Plaintiffs and other hourly production and maintenance plant employees of Defendant have spent time for Defendant's benefit on various tasks, including but not limited to, donning and doffing work clothing/protective gear, wash-up, walking to and from production lines, waiting in line to clock in and out for work, cleaning equipment, and waiting in line to pass through anti-static devices, without being fully compensated for such time. Such policies and practices of Defendant have resulted in Defendant's failure to pay its hourly production and maintenance plant employees for all of their time worked and for overtime wages due.

40. Defendant's policies have resulted in a substantial difference between the amount of time for which Defendant's hourly production and maintenance plant employees were compensated and the amount of their compensable time as required by law, resulting in Defendant's failure to pay hourly production and maintenance plant employees for all compensable time, including the failure to pay overtime as required by the MMWL.

41. More generally, the Defendant has failed to compensate Plaintiffs and all other similarly situated employees for all hours worked, and therefore, Defendant has violated, and continues to violate, the MMWL.

42. Class certification for claims asserted pursuant to the MMWL is appropriate pursuant to Fed. R. Civ. P. 23(a) in that:

   a. The members of the class are so numerous that joinder of all members is impracticable. The exact number of class members is unknown to Plaintiffs at the present time but is believed to be over 400;

   b. There are questions of law and fact arising in this action which are common to Plaintiffs and members of the class, including: (i) Whether Defendant's pay policies and practices for its hourly production and maintenance plant employees violate their overtime rights under the MMWL; (ii) Whether Defendant has violated the MMWL due to Defendant's failure to include all compensable time in determining the number of hours worked by its hourly production and maintenance plant employees pursuant to the statutory and regulatory requirements of the MMWL, including the statutory and regulatory requirements of the FLSA incorporated by reference in the MMWL; (iii) Whether Plaintiffs and other members of the class have suffered damages as a result of Defendant's violations of the MMWL;

   c. The Plaintiffs' claims are typical of the claims of the members of the class. The Plaintiffs were paid under the same policy and procedure as all members of the class. The Plaintiffs and all members of the class sustained damages in the same way, arising out of the same wrongful conduct engaged in by Defendant; and

   d. The Plaintiffs will fairly and adequately protect the interests of the members of the class. Plaintiffs have retained legal counsel who is competent and

experienced in class action and complex litigation involving compensation claims. The Plaintiffs have no interests which are adverse to or in conflict with other members of the class.

43. Class certification of this claim is appropriate under Fed. R. Civ. P. 23(b)(3) because a class action is the superior procedural vehicle for the fair and efficient adjudication of the claims asserted herein given that:

   a. There is minimal interest of members of this class in individually controlling their prosecution of claims and that all claims will be similar in nature under the Court's analysis of the Defendant's pay plan and its compliance with this law;

   b. There is no known prior litigation being prosecuted against the Defendant by this class of employees for the claims involved;

   c. It is desirable to concentrate all the litigation of these claims in this form within this Court since all class members work in Missouri and all class members will have the same claims; and

   d. There are no unusual difficulties likely to be encountered in the management of this case as a class action and Plaintiffs and their counsel are not aware of any reason why this case should not proceed as a class action on the claims against Defendant. Class members can be easily identified from Defendant's business records, enabling class members to have their claims fairly adjudicated by the court or enabling them to opt-out of this class.

44. The class action mechanism is superior to any alternatives that might exist for the fair and efficient adjudication of this cause of action. Proceeding as a class action would permit

the large number of injured parties to prosecute their common claims in a single forum simultaneously, efficiently, and without unnecessary duplication of evidence, effort, and judicial resources. A class action is the only practical way to avoid the potentially inconsistent results that numerous individual trials are likely to generate. Moreover, class treatment is the only realistic means by which Plaintiffs can effectively litigate against a large, well-represented corporate entity such as Defendant. Numerous repetitive individual actions would also place an enormous burden on the courts as they are forced to take duplicative evidence and decide the same issues relating to Defendant's conduct over and over again.

**WHEREFORE**, the Plaintiffs, on behalf of themselves and all proposed class members, prays for relief as follows:

a. Declaring and certifying this action as a proper class action under Fed. R. Civ. P. 23 for the claim that Defendant violated the MMWL and naming the Plaintiffs, David Jackson and Linda R. Bittner, as proper class representatives;

b. Declaring and determining that Defendant has violated the MMWL by failing to properly pay wages due to the Plaintiffs and other members of the class;

c. Entering judgment in favor of Plaintiffs and the class and against Defendant for amounts respectively due Plaintiffs and other employees of Defendant similarly situated for unpaid wages;

d. Awarding Plaintiffs and the members of the class the statutory liquidated damages under R.S.Mo. § 290.527 for Defendant's violations of the MMWL;

e. Costs and expenses of this action incurred herein, including reasonable attorneys' fees and expert fees, as provided in R.S.Mo. § 290.527;

f. Pre-Judgment and Post-Judgment interest, as provided by law; and

g. Any and all such other and further legal and equitable relief as this Court deems necessary, just and proper.

### Demand for Jury Trial

Plaintiffs hereby demand a jury trial on all claims and issues triable by jury.

### Designated Place of Trial

Plaintiffs hereby designate Springfield, Missouri as the place of trial.

Respectfully submitted,

**BRADY & ASSOCIATES**

By: /s/ Brad K. Kavanaugh
Brad K. Kavanaugh    MO #47693
Mark A. Kistler      MO #48442
Brandee B. Bower     MO #49947

10901 Lowell Ave., Ste. 280
Overland Park, KS  66210
(913) 696-0925
(913) 696-0468 *(Facsimile)*
Email: bkavanaugh@mbradylaw.com
Email: mkistler@mbradylaw.com
Email: bbower@mbradylaw.com

**Attorneys for Plaintiff**